

FILED Rec'd
IN CLERK'S OFFICE 11/30/11
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 28 2011 ★

BROOKLYN OFFICE

————————————————————————X

ERIC JASON BELL,

            Plaintiff,

   -against-

OFFICER MORGAN,

            Defendant.

————————————————————————X

ERIC BELL,

            Plaintiff,

   -against-

RIKERS ISLAND,

            Defendant.

————————————————————————X

ERIC BELL,

            Plaintiff,

   -against-

RIKERS ISLAND CORRECTIONAL FACILITY,

            Defendant.

————————————————————————X

MEMORANDUM
AND ORDER

11-CV-05354
(KAM)(ALC)

11-CV-5356
(KAM)(ALC)

11-CV-5431
(KAM)(ALC)

**MATSUMOTO, United States District Judge:**

      On October 27, October 28, and November 1, 2011,

respectively, *pro se* plaintiff Eric Bell ("plaintiff") filed

these three actions pursuant to 42 U.S.C. § 1983,[1] alleging

---

[1] Plaintiff also cites 42 U.S.C. § 2000(e) in his Complaints. The court
presumes that this is an attempt by plaintiff to invoke Title VII of the
Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 as a basis for his
claims. Because plaintiff makes no allegations of employment discrimination

constitutional violations by defendants during his September 17, 2005 arrest and his terms of imprisonment in 2004 and 2006. Plaintiff seeks damages. Plaintiff's requests to proceed *in forma pauperis* are granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. As set forth below, plaintiff is directed to show cause within thirty (30) days of this Order why these three actions should not be dismissed as time-barred.

### BACKGROUND

In *Bell v. Morgan*, 11-CV-5354, plaintiff alleges that after his arrest on September 17, 2005 for "setting [his] mother['s] house on fire," he was "chained to the toilet pole like a dog" and assaulted by Officer Morgan in a holding cell at Kings County Criminal Court at 120 Schermerhorn Street. In *Bell v. Rikers Island*, 11-CV-5356, plaintiff alleges that in 2006 while he was incarcerated at Rikers Island, he was assaulted and his thumb was broken. Plaintiff was treated for the injury, but alleges that his physical therapy was terminated prematurely. In *Bell v. Rikers Island Correctional Facility*, 11-CV-5431, plaintiff alleges that in 2004 while he was incarcerated at Rikers Island, a "dep[uty]" correction officer grabbed plaintiff's hair and pushed his head to the wall, causing the skin on his forehead to break.

---

in any of his Complaints and he does not allege that he was employed by any of the named defendants, he has not stated a claim under Title VII. 28 U.S.C. § 1915(e)(2)(B)(ii).

2

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

At the pleadings stage of a proceeding, the court must assume the truth of "all well-pleaded nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-59 (2009)). To survive dismissal, however, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (per

curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). This is especially true when the plaintiff alleges civil rights violations. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Thus, a *pro se* complaint should not be dismissed without permitting the *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted).

## DISCUSSION

From the face of plaintiff's Complaints, it appears that all three of his actions are barred by the statute of limitations. The statute of limitations for a Section 1983 claim arising in New York is three years. *Owens v. Okure*, 488 U.S. 235, 251 (1989) (holding that New York's three-year statute of limitations for general personal injury actions is applicable to Section 1983 actions filed in federal courts in New York); *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). "The statute of limitations for a Section 1983 claim begins to run 'when the plaintiff knows or has reason to know of the harm.'" *Harper v. City of New York*, 424 F. App'x 36, 39 (2d

Cir. 2011) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). The doctrine of equitable tolling, however, permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). Typically, the statute of limitations is equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002) (discussing the New York state courts' application of equitable estoppel and the federal courts' use of equitable tolling and equitable estoppel).

The events giving rise to all of plaintiff's Complaints occurred more than three years ago. Specifically, plaintiff's allegations stem from incidents that occurred in 2004, 2005, and 2006, respectively, and his actions were commenced in 2011, respectively seven, six, and five years after the alleged incidents, and four, three, and two years after the three-year statute of limitations expired. Because plaintiff has alleged no basis for equitable tolling to apply, his actions appear to be time-barred. Accordingly, plaintiff is directed to

5

show cause within thirty (30) days of the date of this Order why all of these three actions should not be dismissed as time-barred. *See Abbas v. Dixon*, 480 F.3d 636, 641-42 (2d Cir. 2007).

## CONCLUSION

Plaintiff is directed to show cause within thirty (30) days of this Order why all of these three actions should not be dismissed as time-barred by the three-year statute of limitations applicable to Section 1983 actions. The court has attached to this Order an affirmation form for plaintiff's use. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed or show good cause why he cannot comply, the three Complaints will be dismissed as time-barred and judgment shall enter.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve plaintiff at his last known address or record and not service on the docket of each of these three actions no later than November 30, 2011.

SO ORDERED.

Dated:     Brooklyn, New York
           November 28, 2011

                                        /S/
                                   _____
                                   Kiyo A. Matsumoto
                                   United States District Judge
                                   Eastern District of New York

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

ERIC JASON BELL,                                    PLAINTIFF'S
                                                    AFFIRMATION
                Plaintiff,

        -against-

OFFICER MORGAN,                                     11-CV-05354
                                                    (KAM)(ALC)

                Defendant.
_____X

ERIC BELL,

                Plaintiff,                          11-CV-5356
                                                    (KAM)(ALC)

        -against-

RIKERS ISLAND,

                Defendant.
_____X

ERIC BELL,

                Plaintiff,                          11-CV-5431
                                                    (KAM)(ALC)

        -against-

RIKERS ISLAND CORRECTION FACILITY,

                Defendant.
_____X

STATE OF NEW YORK    }
                     } ss:
COUNTY OF _____  }

        I, ERIC JASON BELL, make the following affirmation under
the penalties of perjury:

1. I am the plaintiff in these actions and I respectfully submit this affirmation in response to the Court's order dated November 28, 2011. The instant action should not be time-barred by the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2.   In view of the foregoing, it is respectfully submitted that

the instant petition should be permitted to proceed.

Dated:   _____

                                    _____
                                    Signature

                                    _____
                                    Address

                                    _____

                                    _____
                                    City, State & ZIP